59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lawrence NICHOLS, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 94-2429.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 1
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 2
 Lawrence Nichols, a Michigan state prisoner, appeals pro se the district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Nichols was convicted following a jury trial in 1969 of two counts of first degree premeditated murder and two counts of felony murder committed during the perpetration of a rape and was sentenced to life imprisonment without parole. His conviction was affirmed on direct appeal in the state courts. He has since filed numerous collateral attacks on his conviction in the state courts, one of which resulted in the reversal of his two felony murder convictions on double jeopardy grounds. His most recent motion for leave to file a delayed appeal in the state courts, which raised the issues presented in this petition, was rejected as procedurally barred. He has also filed two previous federal habeas petitions, raising grounds other than those at issue here.
 
 
 4
 In this petition, he argued that the jury had not been instructed as to "deliberation" and therefore the prosecution was relieved of proving, and the jury of finding, his guilt of that element of the offense. Secondly, he argued that the jury had not been instructed that the prosecution had the burden of proving that he was not intoxicated, thus shifting the burden of proof to the defense on this issue. He also claimed that his trial and appellate counsel were ineffective for failing to raise these arguments. Finally, he contended that the state courts erroneously found these claims procedurally barred, as he could establish both cause and prejudice for his failure to raise these claims earlier, and the failure to address the claims would result in a miscarriage of justice. The district court found the claims barred due to both abuse of the writ and procedural default in the state courts. The same arguments are raised on appeal.
 
 
 5
 Upon review, we conclude that this petition was properly denied for the reasons stated by the district court. Nichols failed to raise the issues presented here in any of the state court attacks on his conviction prior to his most recent one, or in either of his previous two federal habeas petitions. Consequently, the district court was not required to reach the merits of the claims unless cause and prejudice were established or a miscarriage of justice would result. See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991); Murray v. Carrier, 477 U.S. 478, 496-97 (1986). The arguments presented by Nichols in an effort to establish cause for his failure to raise these claims earlier are unpersuasive. Nor does the record reveal that he is entitled to review of his claims due to his actual innocence of first degree murder.
 
 
 6
 Accordingly, the denial of this petition for habeas relief is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation